IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS D. LINDSEY,

                      Plaintiff,

v.

CHONG XIONG and GHITA HAMITI,

                      Defendants.

OPINION and ORDER

24-cv-712-jdp

---

Plaintiff Carlos D. Lindsey, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Lindsey alleges that, on March 25, 2023, defendant Ghita Hamiti tased him while he was restrained, defendant Chong Xiong failed to stop Hamiti from doing so, and both Hamiti and Xiong unreasonably strip searched him. I granted Lindsey leave to proceed on claims against them under the Fourth and Eighth Amendments. Dkt. 7, at 7.

Defendants move for summary judgment, Dkt. 14, contending that Lindsey failed to exhaust his administrative remedies. For the reasons stated below, I will deny their motion.

BACKGROUND

The following allegations are taken from Lindsey's complaint.

Lindsey alleges that, on March 25, 2023, a cell extraction team, which included Hamiti and Xiong, removed Lindsey from his cell because he refused to see the nurse. The team put him in handcuffs and leg restraints, and they placed him in a restraint chair. Then, the team escorted him to a strip search cell. The next set of events occurred in that strip search cell. Lindsey says that, while he remained in the restraint chair, Hamiti tased him for no reason. The team removed him from the restraint chair and brought him to the back wall of the strip

search cell. There, Xiong smashed Lindsey's head against the wall for no reason. Hamiti tased him again. Then, Xiong began a staff-assisted strip search of Lindsey. During the strip search, Xiong "squeezed [Lindsey's] butt cheeks widely apart to the extent that he could literally feel his anal rectum being exposed." Dkt. 1, Ex. 1, ¶ 17. Lindsey alleges that defendants "subjected [him] to sexual assault through the course of the unnecessary touching and inspection of his anus," which he says was "done for the very purposes of gratifying themselves in degrading and humiliating [him]." *Id.* at 7.

The following facts related to the exhaustion issue are undisputed.

Lindsey did not file a formal complaint about the March 25, 2023, incident within 14 days of the incident. But Lindsey alleges that, immediately upon his release from clinical observation on March 27, 2023, he informally asked a security investigator to conduct a misconduct investigation into the incident. On April 14, 2023, Lindsey reported the March 25 incident using the Prison Rape Elimination Act (PREA) hotline. In mid-May 2023, Lindsey submitted two information requests regarding whether his requested staff misconduct investigation had been completed; the responses to his requests indicated that a use of force review was deemed not necessary.

On May 24, 2023, Lindsey filed a formal complaint through the inmate complaint review system. The complaint alleged that security refused to conduct a staff misconduct investigation into a March 25 incident "involving Captain Hamidi tasering me while I was handcuffed behind my back secured in the restraint chair, and again in my back while I was standing against the wall of the strip cell." Dkt. 16, Ex. 2, at 8. An institution complaint examiner rejected Lindsey's complaint, reasoning that because the underlying incident occurred on March 25, 2023, he did not file the complaint within the 14-day time limit. The examiner

2

noted that Lindsey did not make a plea for good cause to accept his late complaint. Lindsey appealed the examiner's decision, but the warden concluded that the examiner appropriately rejected Lindsey's complaint. The warden also noted that "[a] use of force review has been conducted." *Id.* at 5.

ANALYSIS

Defendants move for summary judgment on exhaustion grounds. Dkt. 14. It is their burden to prove that Lindsey failed to exhaust his administrative remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). I view the facts in the light most favorable to Lindsey as the non-moving party. *Williams v. Rajoli*, 44 F.4th 1041, 1045 (7th Cir. 2022).

Lindsey contends that he exhausted his administrative remedies in two ways: he (1) informally requested a misconduct investigation, and (2) reported the incident via the PREA hotline. *See* Dkt. 34, at 2–5. My analysis focuses on Lindsey's PREA complaint.

Defendants contend that "[c]ourts have consistently held that the PREA does not create an alternative grievance process." Dkt. 37, at 5. But this court has twice held that Wisconsin has created an alternative procedure for grieving PREA-related complaints in Wis. Admin. Code DOC § 310.08. *See Williams v. Fox*, No. 23-cv-709-jdp, 2025 WL 326565, at *2 (W.D. Wis. Jan. 29, 2025); *Kurkowski v. Spafford*, No. 24-cv-237-jdp, 2025 WL 2029634, at *2 (W.D. Wis. July 21, 2025).

Under Wisconsin's alternative PREA complaint procedure, prisoners need not attempt to informally resolve their grievances with the staff member involved in the alleged assault. *See* Wis. Admin. Code DOC § 310.08(2). Prisoners may "use an alternative method of filing, including submission of the complaint directly to the warden." *Id.* Complaints regarding sexual

3

abuse or sexual harassment are not subject to the standard 14-day deadline; instead, prisoners may file PREA-related complaints "at any time." *Id.*, § 310.08(1).

Lindsey's excessive force, failure to intervene, and unreasonable strip search claims all arise from the same course of conduct. Lindsey was escorted to a strip search cell, where Hamiti tased him while he was restrained, and where defendants inspected and touched his anus without a legitimate security need. Lindsey alleges that defendants sexually assaulted him. *See* Dkt. 1, Ex. 1, at 7. He used the PREA hotline to report this conduct.

Defendants do not contend that Lindsey's allegations are unrelated to sexual assault. Nor do they argue that the court must split up the course of conduct and consider Hamiti's use of force separately from defendants' strip search. *But see* Wis. Admin. Code DOC § 310.08(1). I conclude that Lindsey's PREA complaint sufficiently exhausts his claims arising out of the course of conduct in the strip search cell.

Defendants' sole argument for why Lindsey's PREA complaint did not exhaust his administrative remedies is that Lindsey was required to file a formal grievance, and there is no evidence that he did. *See* Dkt. 37, at 5–6. But Wisconsin's PREA complaint procedure does not require prisoners to file formal grievances. Instead, prisoners may "use an alternative method of filing," Wis. Admin. Code DOC § 310.08(2); for example, prisoners can submit PREA complaints by sending letters to the warden about the incident at issue, *see Williams*, 2025 WL 326565, at *2. Lindsey submitted his PREA complaint by calling the PREA hotline.

But, to be clear, a prisoner does not exhaust his administrative remedies simply by calling the PREA hotline. *See Kurkowski*, 2025 WL 2029634, at *2. To exhaust his administrative remedies, a prisoner must complete the administrative process that the state has established. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Lindsey submits

4

evidence showing that his PREA complaint was investigated. *See* Dkt. 42, Ex. 1. The PREA complaint investigator determined that Xiong "did not do anything that raised to the definition of SA or SH." *Id.* at 1. Lindsey's PREA report has been closed. *Id.* at 2.

It is not clear from the evidence that Lindsey filed all the necessary appeals for his PREA complaint. Wisconsin's PREA complaint procedure still requires prisoners to file timely appeals. *See* Wis. Admin. Code DOC § 310.08(7). But it is defendants' burden to show that Lindsey failed to exhaust his administrative remedies. They have not provided evidence that Lindsey failed to complete the administrative process for PREA complaints, so they have not met their burden.

ORDER

IT IS ORDERED that:

1. Plaintiff Carlos D. Lindsey's motion to supplement his declaration, Dkt. 40, is GRANTED.

2. Lindsey's motion to allow and accept submission of PREA complaint reports, Dkt. 42, is GRANTED.

3. Defendants Chong Xiong and Ghita Hamiti's motion for summary judgment on exhaustion grounds, Dkt. 14, is DENIED.

Entered December 5, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge